IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10231
_____


LYN-LEA TRAVEL CORP. doing business as
First Class International Travel Management,

Plaintiff-Appellant,


versus


AMERICAN AIRLINES, INC.,

Defendant-Appellee,

SABRE GROUP, INC.,

Intervenor Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Texas
(3:-96-CV-2068-BC)
_____
March 9, 1998
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

I.

First Class International Travel Management filed suit

against American Airlines alleging tortious interference with

FCI's business relationships, breach of contract and deceptive

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

trade practices.  The parties consented to proceed before a magistrate judge.  The magistrate judge granted American Airlines' motion for summary judgment on grounds that FCI's claims were preempted by the Airline Deregulation Act of 1978 and abated trial on American Airlines' counterclaim for breach of contract to allow FCI to initiate a complaint with the Department of Transportation on the preempted claims.  Magistrate Judge Boyle also granted FCI permission to file certain documents, which were covered by protective orders, under seal at the DOT.  However, the manner in which these documents were filed at the DOT by FCI assertedly permitted access to them by American Airlines' competitors, in violation of the court's protective orders.**  To rectify FCI's DOT filing, the magistrate judge ordered FCI to withdraw immediately its filing of the documents at the DOT, without prejudice to a pending challenge to the protective orders of the magistrate judge.  FCI then requested that this court stay the order requiring the return of the documents, characterizing it as a "mandatory preliminary injunction."

II.

---

** FCI agrees that access to the documents filed with the DOT is not limited.  Even if FCI had complied with the DOT's sealing requirements, it appears that the filed documents would still be open to American's competitors in a public rulemaking at the DOT.

We are met at the threshold with a question of jurisdiction, specifically, whether the district court's withdrawal order is appealable pursuant to 28 U.S.C. §1292(a)(1). We are persuaded that the district court's order is best characterized as an interlocutory discovery order and not as a preliminary injunction.

Here, the district court was administering its protective orders after FCI filed documents in a manner it concluded violated those protective orders. When the district court permitted FCI to file the DOT complaint, it required that the documents be filed under seal. Persuaded the DOT filing did not maintain the ordered confidentiality, it took remedial action to preserve its protective orders.

The line between an unappealable discovery order and an appealable grant of a preliminary injunction is not always bright. We are persuaded that the order we are asked to stay pending review is best seen as a discovery order. The focus of the magistrate judge's order was on maintaining the confidentiality of the documents and not on the pursuit of the DOT complaint. See Phillips v. Chas. Schreiner Bank, 894 F.2d 127, 130 (5th Cir. 1990); Hunt v. Bankers Trust Co., 799 F.2d 1060, 1066 (5th Cir. 1986). Discovery orders are, of course, not appealable under 28 U.S.C. §1292(a)(1). Hamilton v. Robertson, 854 F.2d 740, 741 (5th Cir. 1988). Section "1292 is intended to carve out limited exceptions" to the general final judgment rule

3

and hence the exceptions to it are to be "construed narrowly." <u>Sierra Club v. Glickman</u>, 67 F.3d 90, 94 (5th Cir. 1995).

We do not pass on the merit of this dispute and do not preclude any future appeal for which there is jurisdiction.

The request for stay pending review is DENIED for want of appellate jurisdiction over the order of the magistrate judge.